Elliot Gale (Bar #263326)
egale@gajplaw.com
Joe Angelo (Bar #268542)
jangelo@gajplaw.com
Gale, Angelo, Johnson, & Pruett, P.C.
1430 Blue Oaks Blvd., Ste. 250
Roseville, CA 95661
916-290-7778 ph
916-721-2767 fax

Attorneys for Plaintiff
Phil Dayrit

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – OAKLAND DIVISION

| | |
|---|---|
| Phil Dayrit**,**<br><br>                    Plaintiff,<br><br>        v.<br><br>Rausch, Sturm, Israel, Enerson, & Hornik, LLP; American Express Company<br><br>                    Defendants. | CASE NO. 4:20-cv-02896<br><br>PLAINTIFF'S COMPLAINT FOR DAMAGES:<br><br>1.  Violation of the Rosenthal Fair Debt Collection Practices Act<br>2.  Violation of the Telephone Consumer Protection Act<br>3.  Violation of the Fair Debt Collection Practices Act |

COMES NOW Plaintiff Phil Dayrit, an individual, based on information and belief, to allege as follows:

## **INTRODUCTION**

1.  This is an action for damages brought by an individual consumer for Defendants' violations of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code §1788, *et seq.* (hereinafter "Rosenthal Act"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices, violation of the Telephone Consumer Protection Act 47 U.S.C. §227, *et seq.* (hereinafter "TCPA"), which prohibits the use of automated dialing equipment when making calls to

consumers, and violation of the Fair Debt Collection Practices Act 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA") which prohibits abusive collection practices.

2. Plaintiff brings this action against Defendant Rausch, Sturm, Israel, Enerson, & Hornik, LLP (hereinafter "Defendant" or "RSIEH") and American Express Company (hereinafter "American Express") for its abusive and outrageous conduct in connection with debt collection activity.

3. In Calif. Civil Code § 1788.1(a)-(b), the California Legislature made the following findings and purpose in creating the Rosenthal Act:

(a)(1) The banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts. Unfair or deceptive collection practices undermine the public confidence which is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.

(2) There is need to ensure that debt collectors and debtors exercise their responsibilities to another with fairness and honesty and due regard or the rights of the other.

(b) It is the purpose of this title to prohibit debt collectors from engaging in unfair or deceptive acts of practices in the collection of consumer debts and to require debtors to act fairly in entering into and honoring such debts, as specified in this title.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. The TCPA was designed to prevent calls like the ones described herein, and to protect the privacy of citizens like Plaintiff, and by enacting the TCPA, Congress intended to give consumers a choice as to how corporate entities may contact them and to prevent the nuisance associated with automated or prerecorded calls.

6. The FDCPA was designed to prevent the abusive and deceptive collection practices by debt collectors. The purpose of the FDCPA was to eliminate abusive debt collection practices by debt collectors. 15 U.S.C. § 1692.

7.  The FDCPA regulates the behavior of "debt collects" (including collection agencies, collection attorneys, and debt buyers) when attempting to collect a consumer debt.  Congress found "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors" which "contribute to a number of personal bankruptcies, marital instability, loss of jobs, and invasions of individual privacy."  15 U.S.C. § 1692(a).

8.  The FCPA was expressly adopted "to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantages, and to promote uniform State action to protect consumers against debt collection abuses."  15. U.S.C. § 1692(e).

9.  The FDCPA, under 15 U.S.C. § 1692g(a) requires disclosure of certain information either in a debt collector's initial communication or within five days after the initial communication.

## JURISDICTION & VENUE

10.  This Court has jurisdiction under 28 U.S.C. §§ 1331, 1337, and 1367, 47 U.S.C. § 227, and 15 U.S.C. § 1692k(d).

11.  This venue is proper pursuant to 28 U.S.C. §1391(b).

## GENERAL ALLEGATIONS

12.  Plaintiff Phil Dayrit (hereinafter "Plaintiff") is an individual residing in the state of California and is a "debtor" as defined by Cal. Civ. Code §1788.2(g).

13.  At all relevant times herein, RSIEH and American Express are companies engaged, by the use of mail, email, and telephone, in the business of collecting a debt from Plaintiff, and a "consumer debt," as defined by Cal. Civ. Code §1788.2(f).

14.  At all relevant times, Defendants acted as a "debt collector" within the meaning of Cal. Civ. Code §1788.2(c)

15.  Defendant is a "debt collector" as defined by 15 U.S.C. § 1692(a)(6).

16.  Plaintiff believes that RSIEH was collecting on an account that was originally owned by American Express.

17.   The loan Plaintiff took from American Express was extended primarily for personal, family or household purposes and is therefore a "debt" as that terms is defined by the Calif. Civil Code § 1788.2(d) of the Rosenthal Act.

18.   Defendants have been attempting to collect on a debt that originated from monetary credit that was extended primarily for personal, family, or household purposes, and was therefore a "consumer credit transaction" within the meaning of Calif. Civil Code § 1788.2(3) of the Rosenthal Act.

19.   Because Plaintiff, a natural person allegedly obligated to pay money to Defendant rising from what Plaintiff is informed and believes was a consumer credit transaction, the money allegedly owed was a "consumer debt" within the meaning of California Civil Code § 1788.2(f) of the Rosenthal Act.

20.   Plaintiff is informed and believes that Defendants are one who regularly collects or attempts to collect debts on behalf of themselves, and is therefore a "debt collector" within the meaning of the Calif. Civil Code § 1788.2(c) of the Rosenthal Act, and thereby engages in "debt collection" within the meaning of the California Civil Code § 1788.2(b) of the Rosenthal Act, and is also therefore a "person" within the meaning of California Civil Code § 1788.2(g) of the Rosenthal Act.

21.   Plaintiff's applied for an unsecured credit card with American Express in May of 2016.

22.   After being approved for the unsecured credit card from American Express, Plaintiff began making charges on the card.

23.   Plaintiff subsequently began making payments on the account for several years before he ultimately became financially unable to keep up with the monthly payments.

24.   Plaintiff sought legal representation to address his financial issues.

25.   A letter of representation and revocation of consent to be contacted on his cellular telephone was sent to American Express through certified mail on November 1, 2019 and was received by American Express on November 5, 2019.

4

26.   Plaintiff's letter informed American Express that Plaintiff was represented by counsel and provided the name and telephone number of Plaintiff's attorney.   The letter of representation was written on the firm's letter head.

27.   The contents of the November 1, 2019 letter also informed American Express that Plaintiff was revoking any consent that may have been previously given to be contacted on his cellular telephone by an automatic telephone dialing system.   The November 1, 2019 letter included Plaintiff's cellular telephone number.

28.    Defendant American Express enlisted the services of RSIEH to assist in collecting on the debt that Plaintiff owed to American Express.

29.   American Express, at the time it engaged the services of RSIEH, was aware that Plaintiff was represented by an attorney and had revoked any consent to be contacted on his cellular telephone.

30.   Plaintiff believes that RSIEH is the collection agency for an account that he previously held with American Express.

31.   RSIEH refused to identify the original creditor when Plaintiff would answer the auto-dialed calls made by RSIEH.

32.   On December 12, 2019 Plaintiff specifically asked RSIEH to identify which creditor it was calling on behalf of but instead of informing Plaintiff RSIEH refused to provide that information.

33.   Plaintiff believes that American Express transferred its debt to RSIEH in order to continue its collection efforts without having to deal with Plaintiff's counsel.

34.   Plaintiff believes that American Express' agreement with RSIEH provides for American Express to receive some portion of any recovery from Plaintiff.

35.   Plaintiff believes that American Express informed RSIEH that Plaintiff was represented by counsel and revoked his consent to be contacted on his cellular telephone.

36.   In response to the December 12, 2019 call whereby RSIEH refused to provide any identifying information to Plaintiff, Plaintiff's counsel send a certified letter to RSIEH again

providing information related to Plaintiff's representation by counsel and specifically informing RSIEH of its problematic calls under the Rosenthal Act.

37.  The December 12, 2019 letter also informed RSIEH that it needed to cease all direct communication with Plaintiff.

38.  RSIEH received the December 12, 2019 certified letter on December 16, 2019.

39.  The December 12, 2019 letter was sent to RSIEH's main office, located at 250 N. Sunnyslope Rd., Ste. 300, Brookfield, WI 53005.  This is the address that is also on file with the Wisconsin Secretary of State.

40.  However, the calls and collection efforts by RSIEH continued even after receiving the December 12, 2019 certified letter.

41.  Defendants continued to contact Plaintiff between approximately November 15, 2019 – present; the type of contact was through numerous daily phone calls to Plaintiff.

42.  RSEIH has called Plaintiff as recently as April 20, 2020.

43.  Defendant would call Plaintiff and demand payment on the delinquent account.

44.  Defendant would use an automatic dialing machine when placing the calls to Plaintiff.

45.  Plaintiff believes an ATDS was used because when he would answer some of the calls placed by RSEIH there would be a pause before a live person came onto the line.

46.  Plaintiff was contacted often regarding non-payment of the debt owed to Defendant despite Defendant being notified that Plaintiff had retained counsel to deal specifically with the debt owed to Defendant.

47.  Defendant's calls were frequent in nature and continued despite receiving written confirmation that Plaintiff was represented by an attorney and that he revoked his consent to be contacted on his cellular telephone.

48.  Plaintiff is unaware of the total number of calls that have been received from Defendants but believes the total number to be in excess of seventy (70) calls.

//

//

//

### FIRST CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against RSIEH and American Express)

49. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

50. Plaintiff provided written notice that he was represented by sending Defendants a letter with the name, address, and contact information of his attorney and informed Defendant that he was represented.

51. Defendants continued to call and attempt to make contact with Plaintiff despite receiving notice of representation and being informed that Plaintiff had retained counsel in an effort to deal with the debt that was owed to Defendant.

52. The calls and communications made by Defendant to Plaintiff were not related to statements of Plaintiff's account and were attempts to collect a debt.

53. Plaintiff received daily calls from Defendant from November of 2019 through present.

54. Defendants violated Cal. Civ. Code §1788.14 by contacting Plaintiff after receiving noticed that Plaintiff had retained an attorney.

**Cal. Civ. Code § 3294**

55. Defendants also acted with oppression, fraud, and/or malice, thereby entitling Plaintiff to exemplary damages in an amount according to proof and a finder of fact at hearing.

56. Defendants had actual knowledge that it continued to violate both state and federal collection laws as it received certified notice regarding representation of Plaintiff by an attorney.

57. These calls were made with knowledge that Plaintiff was represented by counsel and could not be communicating directly with Plaintiff, let alone using an automated telephone dialing system.

58. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, these calls were an attempt to collect a debt in an illegal manner with a conscious disregard for Plaintiff's rights under the Rosenthal Fair Debt Collection Practices Act, the Fair Debt Collection Practices Act, and the Telephone Consumer Protection Act.

59. Given Defendants' knowledge of Plaintiff's representation and revocation of consent, Defendants' illegal communications were done to intentionally subject Plaintiff to the unjust hardship of receiving at least seventy (70) telephone calls.

60. The sheer volume of calls was intentionally designed to exhaust Plaintiff into paying Defendants.

### SECOND CAUSE OF ACTION
(Violation of the Rosenthal Act)
(Cal. Civ. Code §§ 1788-1788.32)
(Against RSIEH and American Express)

61. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

62. Defendant placed over seventy (70) calls to Plaintiff over a twelve-week period.

63. Plaintiff was contacted multiple times per day by Defendant.

64. Defendant did not disclose to Plaintiff the nature of the debt nor the true identity of the original creditor.

65. Defendants violated Cal. Civ. Code §1788.11(b), (d), and (e) by calling Plaintiff at least seventy (70) times in a deliberate attempt to call and annoy Plaintiff.  Defendant also failed to disclose the true nature of the call or the identity of the original creditor it was collecting on behalf of when asked by Plaintiff.

### THIRD CAUSE OF ACTION
(Violation of the TCPA)
(47 USC § 227)
(Against RSIEH and American Express)

66. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

67. Since at least about November of 2019 Defendants have been calling Plaintiff's cellular telephone requesting that payment be made on the accounts Plaintiff held with Defendant.

68. Defendants were aware that Plaintiff revoked consent to be contacted by an ATDS in November of 2019.

69. Defendants frequently called Plaintiff since Plaintiff withdrew his consent to be contacted by an automatic dialing machine.

70. Defendant would contact Plaintiff daily regarding payment on the account.

71. Defendant placed the above cited calls using an artificial or prerecorded voice to deliver the collection messages without Plaintiff's prior express consent.

72. All calls placed by Defendant to Plaintiff utilized an "automatic telephone dialing system" as defined by 47 U.S.C. §227(a)(1).

73. These calls were made to Plaintiff's cellular telephone and were not calls for an emergency purposed as defined by 47 U.S.C. §227(b)(1)(B).

74. Plaintiff expressly revoked any consent that may have previously been given to Defendants to be contacted by an automatic dialing machine in November of 2019.

75. Plaintiff believes that over seventy (70) calls were placed by Defendants using an ATDS.

76. These telephone calls by Defendant, or its agent, violated 47 U.S.C. §227(b)(1)(B).

**FOURTH CAUSE OF ACTION**
(Violation of the FDCPA)
(15 USC § 1692c(a)(2))
(Against RSIEH)

77. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

78. Defendant was informed on December 16, 2019 that Plaintiff was represented by an attorney with respect to Plaintiff's creditors.

79. Defendant continued to contact Plaintiff for at least four months after being informed that he had retained an attorney.

80. Plaintiff's attorney did not consent to Defendant continuing to contact Plaintiff.

81. Defendant contacted Plaintiff in connection with collecting on the debt despite knowing that Plaintiff was represented by Counsel and that counsel instructed Defendant specifically not to contact Plaintiff.

82. Defendant's conduct was in violation of 11 U.S.C. § 1692c(a)(2).

## FIFTH CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692e(11))
(Against RSIEH)

83. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

84. On December 12, 2019 Plaintiff answered a call from RSIEH and RSIEH failed to disclose to Plaintiff that the call was an attempt to collect on a debt and that the call was placed by a debt collector.

85. Defendant's conduct was in violation of 11 U.S.C. § 1692e(11).

## SIXTH CAUSE OF ACTION
(Violation of the FDCPA)
(15 USC § 1692g(a))
(Against RSIEH)

86. Plaintiff realleges and incorporates herein the allegation in each and every paragraph above as though fully set forth herein.

87. RSIEH refused to provide Plaintiff with any information regarding the nature of the debt.

88. RSIEH did not inform Plaintiff that it was calling Plaintiff on behalf of American Express in an attempt to collect on Plaintiff's American Express debt.

89. RSIEH did not inform Plaintiff of the amount of the debt.

90. Defendant's conduct was in violation of 11 U.S.C. § 1692g(a).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

    **a.** An award of actual damages pursuant to California Civil Code §1788.30(a), as will be proven at trial, which are cumulative and in addition to all other remedies provided for in any other cause of action pursuant to California Civil Code

§1788.32;

**b.** An award of statutory damages of $1,000.00 pursuant to Cal. Civ. Code §1788.30(b), which are cumulative and in addition to all other remedies provided for in California Civil Code §1788.32;

**c.** An award of costs of litigation and reasonable attorney's fees pursuant to Cal. Civ. Code §1788.30(c);

**d.** An award of statutory damages of $1,500.00 pursuant to 47 U.S.C. §227(b)(3)(C) for each and every violation;

**e.** Pursuant to 47 U.S.C. §227(b)(3)(A), injunctive relief prohibiting such conduct in the future;

**f.** An award of statutory damages of $1,000 pursuant to 15 U.S.C. § 1692k;

**g.** An award of exemplary damages pursuant to Cal. Civ. Code § 3294; and

**h.** An award of costs of litigation and reasonable attorney's fees pursuant to 15 U.S.C. §1692(k).

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: April 28, 2020

*/s/ Joe Angelo*
Joe Angelo
Elliot Gale
Attorneys for Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial of this matter by jury.

Gale, Angelo, Johnson, & Pruett, P.C.

Dated: April 28, 2020

*/s/ Joe Angelo*
Joe Angelo
Elliot Gale
Attorneys for Plaintiff

11